IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**APPLIED TECHNOLOGY**                                                          **PLAINTIFF**
**GROUP INCORPORATED**

v.                 **CASE NO. 4:24-CV-001118-BSM**

**SEAN SAMMLER**                                                                **DEFENDANT**

## ORDER

Applied Technology Group Incorporated's (ATG) motion for a preliminary injunction [Doc. No. 3] is granted in part and denied in part.

### I. BACKGROUND

ATG alleges that its former employee, Sean Sammler, breached his employment contract by violating the terms of his non-compete agreement. ATG is seeking a preliminary injunction to prohibit Sammler from continuing his employment with his new employer, IMAGINiT.

The facts presented at the March 19, 2025, preliminary injunction hearing show that ATG employed Sammler as a salesman from December 2020 to September 2024, and the parties entered an employment contract containing a covenant not to compete. The non-compete clause provides that for a year following the termination of Sammler's employment, he may not (1) work for a company in ATG's business, or (2) sell to, or solicit, accept, assist in the solicitation or acceptance of, or otherwise be involved in any manner with any business transaction with any ATG customer that he serviced or sold products to during the twelve months prior to the termination of his employment. Hearing Ex. 5, Emp. Agreement ¶¶

27–28. ATG and Sammler had a good working relationship and, even though the parties are at odds regarding the enforcement of the non-compete agreement, they continue to speak highly of, and show respect to, one-another.

Sammler left ATG in 2024 to accept a job with IMAGINiT, one of ATG's primary competitors. Based on the hearing testimony, it appears that Sammler has not provided IMAGINiT with any of ATG's confidential information, has not made disparaging statements about ATG, has not recruited any of ATG's employees, and has not sold any products to any of his former customers at ATG. Indeed, Sammler testified that he agrees not to call on any of ATG's present or potential clients, and agrees to limit his work at IMAGINiT to the "construction side with regard to Autodesk" so that ATG can be assured that the sales calls he makes at IMAGINiT will not overlap with the sales calls he made at ATG.

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008). Whether to grant such relief is within the sound discretion of the district court. *See Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006). A party seeking a preliminary injunction must prove that: (1) it will suffer irreparable harm if the injunction is denied; (2) the harm to the movant, if the injunction is denied, outweighs the harm to the non-movant if the injunction is granted; (3) there is a likelihood of success on the merits; and (4) an injunction is in the public's interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *see also Gelco Corp. v. Coniston Partners*,

811 F.2d 414, 418 (8th Cir. 1987).

## III. DISCUSSION

ATG's request to prohibit Sammler from working at IMAGINiT for one year is denied because that requirement of the non-compete agreement is overly broad and therefore likely unenforceable. *See Freeman v. Brown Hiller, Inc.*, 281 S.W.3d 749, 754 (Ark. Ct. App. 2008) (If restraints prohibit the promisor from engaging in activities that are unnecessary to protect the promisee, the covenant is unreasonable. Reasonableness is determined by considering whether the agreement is only broad enough to afford fair protection to the interest of the party whose favor it is given.).

Although ATG's request to enjoin Sammler from working for all companies in ATG's line of business is too broad, Sammler is enjoined from engaging in any activity that may be considered as competing with ATG. Therefore, he is precluded from: (1) disclosing any of ATG's confidential information; (2) making any disparaging statements about ATG; (3) recruiting any of ATG's employees; (4) soliciting, attempting to obtain, accepting, or in any manner transacting business with, from, or on behalf of any clients or prospective clients of ATG; (5) soliciting or helping IMAGINiT sell any products to ATG's present customers or purchasers with whom he has reason to believe ATG is actively attempting to sell; or (6) requesting or advising any of ATG's clients to withdraw, terminate, curtail, alter, or cancel their business with ATG. *See Mounce v. Jeronimo Insulating, LLC*, 625 S.W.3d 367, 373 (Ark. Ct. App. 2021) (soliciting customers and "bad-mouthing" could constitute an unfair competitive advantage; therefore, injunctive relief was upheld).

IT IS SO ORDERED this 16th day of April, 2025.

_____
UNITED STATES DISTRICT JUDGE