IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

APPLIED TECHNOLOGY GROUP INCORPORATED                                    PLAINTIFF

v.                         CASE NO. 4:24-CV-01118-BSM

SEAN SAMMLER                                                             DEFENDANT

## ORDER

Plaintiff's motion to dismiss defendant's counterclaim [Doc. No. 32] for tortious interference is denied and for outrage is granted.

## I. BACKGROUND

Sean Sammler was employed by Applied Technology Group Incorporated (ATG) until he accepted a job at IMAGINiT Technologies, a competitor of ATG. Countercl. ¶¶ 5, 8. ATG sued Sammler to enforce a non-compete agreement and its motion for preliminary injunction was granted in part and denied in part. *See* Doc. Nos. 3, 26. Sammler alleges that ATG was dissatisfied with the outcome of the preliminary injunction hearing so it directed counsel to threaten IMAGINiT with a lawsuit unless it fired Sammler. Countercl. ¶ 13. Sammler's employment with IMAGINiT was subsequently terminated and Sammler was told that his termination was a direct response to ATG's lawyers telling IMAGINiT's owner that ATG had secured injunctive relief barring Sammler from working for it. *Id.* ¶¶ 19–21. Sammler is now counterclaiming for tortious interference and outrage and ATG is moving to dismiss both claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the counterclaim are considered true, and all reasonable inferences are drawn in the non-moving party's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*. 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

ATG's motion to dismiss Sammler's counterclaim for tortious interference is denied and for outrage is granted.

### A.    Tortious Interference

ATG's motion to dismiss Sammler's tortious interference claim is denied. To state a tortious interference claim, Sammler must allege (1) a valid contractual relationship exists; (2) ATG had knowledge of the relationship; (3) intentional interference caused termination of the relationship; (4) damages; and (5) ATG's conduct was improper. *See Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393, 405 (Ark. 2002). In determining whether the

conduct was improper consideration is given to (a) the nature of ATG's conduct; (b) ATG's motive; (c) the interests of Sammler with which ATG's conduct interferes; (d) the interests sought to be advanced by ATG; (e) the social interests in protecting the freedom of action of ATG and the contractual interests of Sammler; (f) the proximity or remoteness of ATG's conduct to the interference and; (g) the relations between the parties. Restatement (Second) of Torts § 767 (1979); *Mason v. Wal-Mart Stores, Inc.*, 969 S.W.2d 160, 165 (Ark. 1998).

Sammler alleges that he was in a contractual relationship with IMAGINiT and ATG had knowledge of such relationship. Countercl. ¶¶ 32–33. Sammler also alleges that ATG intentionally and improperly interfered with the relationship when ATG threatened to sue IMAGINiT if it did not terminate Sammler. *Id.* ¶¶ 21–22, 34–35. Finally, Sammler alleges that he has lost wages, commissions, benefits, has suffered mental, emotional anguish, and reputational harm. *Id.* ¶¶ 29–30, 37. In response, ATG argues that its conduct was privileged as it was protecting its economic interest. *See* Mot. Dismiss Sammler's Countercl. ¶ 7. While the Arkansas Supreme Court has asserted a broad privilege to compete, this does not include unfair evasion of competition. *Baptist Health v. Murphy*, 373 S.W.3d 269, 287 (2010). Sammler has, therefore, properly alleged a tortious interference claim.

    B.    <u>Outrage</u>

ATG's motion to dismiss Sammler's outrage claim is granted. To state a claim for outrage, Sammler must allege (1) ATG intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was

utterly intolerable in a civilized community; (3) ATG's actions were the cause of Sammler's distress; and (4) the emotional distress was so severe that no reasonable person should have to endure it. *Kiersey v. Jeffrey*, 253 S.W.3d 438, 441 (Ark. 2007).

Sammler alleges that ATG directed its lawyer to lie to IMAGINiT about the preliminary injunction ruling so that IMAGINiT would fire Sammler. Countercl. ¶¶ 43–44. This is not sufficient to state an outrage claim because the alleged facts are not beyond all possible bounds of human decency and utterly intolerable. *Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393, 404 (Ark. 2002).

## IV. CONCLUSION

For these reasons, ATG's motion to dismiss is granted in part and denied in part. Sammler's tortious interference claim may proceed and his outrage claim is dismissed.

IT IS SO ORDERED this 12th day of August, 2025.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE